## SOUTHFIELD WESTERN, INC v CITY OF SOUTHFIELD

Docket No. 72271. Submitted June 5, 1985, at Detroit.—Decided October 22, 1985. Leave to appeal applied for.

Southfield Western, Inc., petitioned the Tax Tribunal to review the assessment of its property located in the City of Southfield for the years 1978, 1979 and 1980. The property is improved and has a hotel operating on it. The Tax Tribunal made its decision using the capitalization-of-income method based on the evidence of the petitioner but disallowing a separate income deduction of replacement reserves for short-lived items and a reduction of the true cash value figure by an amount representing the intangible value of the hotel business as a going concern separate from the realty. Petitioner appealed. *Held:*

1. The Tax Tribunal may properly refuse to allow a separate deduction for replacement reserves where the capitalization-of-income method of valuation is being used and the capitalization rate incorporates comparables which did not separately itemize a replacement reserve as an operating expense.

2. Petitioner failed to meet its burden of proof in establishing an intangible business value to be deducted from the true cash value.

Affirmed.

1. Taxation — Valuation — Capitalization of Income — Replacement Reserves.

The Tax Tribunal may properly refuse to allow a separate deduction for replacement reserves where the capitalization-of-income method of valuation is being used and the capitalization rate incorporates comparables which did not separately itemize a replacement reserve as an operating expense.

2. Taxation — Valuation — True Cash Value.

An assessor, in assessing the true cash value of a parcel of property, should consider the existing use of the land, the

References for Points in Headnotes
[1] Am Jur 2d, State and Local Taxation §§ 773-776.
See the annotations in the ALR3d/4th Quick Index under Taxes § 5.
[2] Am Jur 2d, State and Local Taxation §§ 753-781.

income generated by any structures on the land and income generated by any other use.

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Thomas J. Beale*), for petitioner.

*Shifman, Goodman & Carlson, P.C.* (by *Burton R. Shifman* and *John A. Carlson*), for respondents.

Before: J. H. Gillis, P.J., and Bronson and M. J. Kelly, JJ.

Per Curiam. Petitioner, Southfield Western, Inc., appeals as of right from a judgment of the Michigan Tax Tribunal establishing the true cash value of a parcel of property located in Southfield, Michigan, and revising tax assessments on that property for the tax years 1978, 1979 and 1980. We affirm.

Petitioner owns a 9-acre parcel of property situated between Greenfield Road and the Lodge Freeway, just north of Eight Mile Road and adjacent to the Northland Shopping Center. It is improved by the Michigan Inn Hotel, tennis courts, a patio, driveways and parking areas and is appropriately landscaped. The 14-story hotel is made up of 298,-440 square feet and contains 413 rooms, a restaurant, coffee shop, lounge and bar, convention and conference facilities, and recreation facilities which include an indoor-outdoor pool. In the hotel are rental shops, business offices, a reservation office and other service and employee facilities. The hotel building is constructed of reinforced concrete.

Petitioner's property is assessed at 50% of its true cash value. For the tax years 1978, 1979 and 1980, the city had appraised the true cash value of petitioner's property at $12,537,900, $11,272,800 and $12,699,500, respectively. Petitioner's property

was accordingly assessed at $6,268,950, $5,636,400 and $6,349,750. Petitioner challenged the city's true cash value appraisals and assessments and, at a hearing before the Tax Tribunal, presented evidence to show that more accurate valuations of the true cash value of its property during the tax years in question were $7,990,500 in 1978, $9,254,-000 in 1979 and $10,255,000 in 1980. Respondents countered with true cash value appraisals of $11,000,000 and $11,400,000 for 1978, $11,500,000 and $12,400,000 for 1979 and $12,600,000 and $13,500,000 for 1980. Both parties presented expert testimony and numerous exhibits in support of their valuations.

The tribunal rendered its decision nearly three years later, on April 15, 1983. Since petitioner's property was income-producing, the tribunal evaluated its true cash value according to the "capitalization-of-income" method, which none of the parties challenge on appeal. See *Antisdale v City of Galesburg,* 420 Mich 265, 276-277; 362 NW2d 632 (1984). The tribunal accepted most of petitioner's appraisals and computations, with two important exceptions, and arrived at true cash value appraisals of $10,100,000 for 1978, $11,740,000 for 1979 and $12,620,000 for 1980. Omitted from the tribunal's computations were petitioner's separate income deduction of replacement reserves for short-lived items and petitioner's reduction of the true cash value figure by an amount representing the intangible value of its hotel business as a going concern separate from the realty. Petitioner argues on appeal that the tribunal adopted a wrong principle of valuation in refusing to incorporate these two computations into its judgment, resulting in excessive appraisals of the true cash value of its property. Const 1963, art 6, § 28. We disagree.

In *Northwood Apartments v Royal Oak,* 98 Mich App 721, 727-728; 296 NW2d 639 (1980), we held that replacement reserves may be separately deducted as an expense item in the capitalization of income. Petitioner argues that the tribunal's refusal to allow the replacement reserve deduction in this case contravenes the principle of valuation announced in *Northwood.* Implicit in our decision in *Northwood,* however, was the understanding that replacement reserves were not otherwise accounted for in the capitalization rate used. In a subsequent, unpublished opinion of this Court, referred to by the tribunal in its opinion, we affirmed the tribunal's refusal to allow a separate deduction for replacement reserves where the capitalization rate incorporated comparables which did not separately itemize a replacement reserve as an operating expense. *Pheasant Run Apartments v Ann Arbor,* Docket No. 51990, decided August 11, 1985. Here, the tribunal carefully reviewed petitioner's computations and concluded that its expert witness had "extracted cash-flow rates from market comparables" which "showed no separate allowances for reserves for replacement as an expense". The tribunal thus concluded that the replacement reserve had already been accounted for in the formula used and could not also be deducted as a separate operating expense. We agree.

Contrary to petitioner's arguments on appeal, the tribunal's decision is not founded upon any novel principles of valuation. See, for example, *The Appraisal of Real Estate* (Chicago: American Institute of Real Estate Appraisers, 7th ed, 1978), with which petitioner's attorney was obviously familiar as a result of his involvement in the *Northwood* case. Moreover, the propriety of a separate deduction for replacement reserves was obvi-

ously put into issue when the tribunal directed the parties to include in their post-hearing briefs a discussion of the treatment of replacement reserves. The tribunal relied exclusively on petitioner's expert testimony in concluding that replacement reserves were doubly accounted for in petitioner's computations. Since the tribunal did not rely on evidence outside the record, petitioner's reliance on *Clark Equipment Co v Leoni Twp,* 113 Mich App 778, 787-788; 318 NW2d 586 (1982), is misplaced and a remand is not in order.

The tribunal also properly refused to deduct the going concern value of the hotel business from the true cash value of the realty on which it was located. In assessing the true cash value of a parcel of property, an assessor is to consider the existing use of the land, the income generated by any structures on the land and income generated by any other income-producing use. MCL 211.27(1); MSA 7.27(1). In *Antisdale v City of Galesburg, supra,* the Supreme Court considered the characteristic of a federal tax subsidy in connection with the taxation of a parcel of property and held:

"To the extent that tax benefits to a typical owner affect the 'usual selling price' of property, they are properly included within the true cash value of the property. Tax benefits, like deed restrictions, *Helin v Grosse Pointe Twp,* 329 Mich 396; 45 NW2d 338 (1951), and zoning classifications, *Kensington Hills Development Co v Milford Twp,* 10 Mich App 368; 159 NW2d 330 (1968), of course, are not real property. Nevertheless, such incorporeal items not taxable in and of themselves, can increase or decrease the value of real property, and that amount should be reflected in the assessment process." 420 Mich 285.

We find that the tribunal properly considered petitioner's hotel business in evaluating the true

cash value of the underlying property since the business increased the market value of that property. We further find that the tribunal properly concluded that petitioner had failed to meet its burden of proof, MCL 205.737(3); MSA 7.650(37)(3), in establishing an intangible business value to be deducted from the true cash value. Petitioner's computations presumed the existence of a separate and nontaxable business value but did not prove it. Moreover, petitioner cites no precedent or authority in support of such a deduction or of the method relied upon to measure this intangible value. We find no need to remand this case, as we did in *Consolidated Aluminum Corp, Inc v Richman Twp,* 88 Mich App 229; 276 NW2d 566 (1979), since petitioner's method of valuation failed and there is no rule requiring the tribunal to deduct this value from the true cash value of the property.

The tribunal's true cash value appraisals of petitioner's property for the tax years 1978, 1979 and 1980 are affirmed. As indicated below, assessments of petitioner's property have been reduced as follows:

| Challenged Assessment | | Tribunal Assessment |
|---|---|---|
| 1978 | $6,268,950.00 | $5,050,000.00 |
| 1979 | $5,636,400.00 | $5,870,000.00 |
| 1980 | $6,349,750.00 | $6,310,000.00 |

We find the tribunal's assessments based on valid principles of law and supported by competent and substantial evidence on the whole record. Const 1963, art 6, § 28.

Finally, because the tribunal based its findings on petitioner's computations, we decline to consider petitioner's objection to the admission of valuation testimony from respondent's expert wit-

ness, Mr. John Leary. Even assuming, which we do not, that the testimony was erroneously admitted, respondents submitted other evidence as to the valuation of petitioner's property and we would find no need to reverse on this basis.

Affirmed.