## HODGSON v CITY OF BIRMINGHAM

Docket No. 140073. Submitted March 2, 1993, at Lansing. Decided May 3, 1993, at 9:05 A.M.

Mark J. Hodgson petitioned for review of certain property tax assessments by the City of Birmingham in the Small Claims Division of the Michigan Tax Tribunal. A hearing officer ordered the assessments reduced and excess tax payments refunded, and granted the petitioner's motion for costs, including legal fees. The respondent moved for rehearing and reconsideration by a tribunal judge of the question of costs. The hearing officer held that there was no right of rehearing before a tribunal judge of a decision of a motion for costs made by a hearing officer in the small claims division and then denied the motion for rehearing. The respondent appealed.

The Court of Appeals *held:*

The administrative rule providing a party the right to a rehearing de novo by a tribunal judge clearly applies equally to a decision of a motion for costs in the small claims division. The respondent is entitled to review de novo by a tribunal judge of the question whether the award of costs was proper.

Remanded.

Taxation — Tax Tribunal — Rehearings.

A party aggrieved by an order of a hearing officer in the Small Claims Division of the Michigan Tax Tribunal has a right to a rehearing de novo by a tribunal judge (1981 AACS, R 205.1648).

Mark J. Hodgson, in propria persona.

*Beier Howlett* (by *John D. Staran*), for the respondent.

Before: Michael J. Kelly, P.J., and Marilyn Kelly and Connor, JJ.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 787, 1154.

See ALR Index under Taxes.

MARILYN KELLY, J. Respondent appeals as of right from an order of the Michigan Tax Tribunal, Small Claims Division, denying its motion for rehearing and reconsideration of an order granting petitioner costs. The single issue on appeal is whether the tax tribunal hearing referee erred in awarding costs to petitioner. Respondent asserts that the hearing referee erroneously denied its motion for rehearing rather than submit it to a tribunal judge. We remand.

A rule of the tax tribunal provides:

> A party has a right to a rehearing by a tribunal member if requested in writing within 20 days after issuance of an order by a hearing referee. The rehearing shall be conducted as a de novo proceeding at a site to be determined by the tribunal. [1981 AACS, R 205.1648.]

A tribunal member means a tribunal judge as opposed to a hearing officer or referee. 1981 AACS, R 205.1101(g).

In this case, the hearing referee determined that no provisions in the rules governing the small claims division provided for a tribunal member to rehear an order adjudicating a motion. We disagree. Rule 205.1648 provides for such relief. It applies to "an order by a hearing referee." The hearing referee's order granting petitioner costs falls within the purview of the rule.

Therefore, we remand to the tax tribunal for a de novo review by a judge to determine whether the hearing referee properly awarded costs to petitioner. If so, the tribunal judge must decide whether the amount awarded was appropriate.

Remanded. We do not retain jurisdiction.