SHAPIRO BAG COMPANY v CITY OF GRAND RAPIDS

Docket No. 184604. Submitted May 8, 1996, at Grand Rapids. Decided July 9, 1996, at 9:25 A.M.

Shapiro Bag Company petitioned the Tax Tribunal, Small Claims Division, for review of the adjusted 1994 tax assessment of its real property by the City of Grand Rapids. Following a hearing, a hearing referee found the respondent's appraisal to be the more accurate and ordered the tax assessment to be on that basis. The petitioner contested the hearing referee's factual findings and requested a rehearing before a member of the Tax Tribunal. The motion for a rehearing was denied by a different hearing officer, rather than by a tribunal member. The petitioner appealed, contending that only tribunal members are authorized to rule whether a movant has demonstrated good cause for a rehearing.

The Court of Appeals *held*:

Since its amendment by 1993 PA 21, MCL 205.762(3); MSA 7.650(62)(3) has provided that a rehearing by a tribunal member of an order of a hearing referee in the Small Claims Division is "by leave of the tribunal and upon good cause shown." The "tribunal" is the Tax Tribunal, which is composed of seven members, the appointed tribunal judges. The Legislature has not authorized the tribunal to delegate its rehearing responsibilities to hearing officers. The clear import of the language of subsection 62(3) is that a tribunal member, not a hearing officer, must rule with respect to a request for a rehearing and must decide whether good cause for a rehearing has been shown. Accordingly, on remand, a tribunal member must rule with respect to the petitioner's motion for a rehearing.

Reversed and remanded.

TAXATION — TAX TRIBUNAL — REHEARINGS.

A motion for leave for a rehearing by a tribunal member of an order of a hearing referee in the Small Claims Division of the Tax Tribunal must be decided by a tribunal member rather than a hearing officer (MCL 205.762[3]; MSA 7.650[62][3]).

*Myles B. Hoffert and Associates, P.C.* (by *Claris Kaye Cwirko*), for the petitioner.

*Janice F. Bailey*, Assistant City Attorney, for the defendant.

Before: SAWYER, P.J., and GRIFFIN and M. G. HARRISON,* JJ.

GRIFFIN, J. Petitioner appeals as of right from an order denying its motion for a rehearing of a judgment from the Michigan Tax Tribunal, Small Claims Division. The dispositive issue presented is whether hearing officers are authorized by law to decide motions for a rehearing. We hold that they are not and that the tribunal erred in delegating to a hearing officer its statutory duty to decide petitioner's motion for a rehearing. Accordingly, we reverse and remand for a ruling by a tribunal member with respect to petitioner's motion.

In 1994, petitioner appealed to the Tax Tribunal, Small Claims Division, the adjusted tax assessment on its developed real property by the respondent. Following a hearing at which the parties debated the merits of the competing property appraisals, a hearing referee found the methodology of respondent's appraisal most accurate and ordered the tax assessment on petitioner's property increased by almost $50,000. Petitioner contested the validity and thoroughness of the hearing referee's factual findings and requested a rehearing before a member of the Tax Tribunal. However, petitioner's motion for a rehearing was denied, not by a tribunal member, but by a different hearing officer.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] According to respondent's brief, the hearing officer who denied petitioner's request for a rehearing is an "administrative law judge" assigned by the tribunal to review decisions of subordinate hearing referees.

On appeal, petitioner argues that the tribunal unlawfully delegated to a hearing officer its statutory responsibility to decide petitioner's motion for a rehearing. Petitioner contends that pursuant to MCL 205.762(3); MSA 7.650(62)(3), only tribunal members are authorized to rule whether a movant has demonstrated good cause for a rehearing. We agree.

Before its 1993 amendment, MCL 205.762(3); MSA 7.650(62)(3) (in pertinent part) afforded parties aggrieved by hearing referee rulings the right to a rehearing de novo before a tribunal member:

> Within 20 days after issuance of an order by a hearing referee, a party may request a rehearing by a tribunal member which hearing shall be de novo.

The statute was amended in 1993 replacing a rehearing de novo as of right with a rehearing by leave of the tribunal for good cause shown. 1993 PA 21, effective April 14, 1993. Since April 14, 1993, MCL 205.762(3); MSA 7.650(62)(3)[2] has provided in part:

> Within 20 days after issuance of an order by a hearing referee, by leave of the tribunal and upon good cause shown, a party may request a rehearing by a tribunal member, which rehearing shall not be limited to the evidence presented before the hearing referee.

The Senate and House bill analyses of the 1993 Tax Tribunal amendments indicate that the change in the rehearing rights with respect to orders of the Small Claims Division was made to improve the administrative efficiency of the tribunal. House Legislative Anal-

---

[2] Although in 1995 the statute was again amended, see 1995 PA 232, effective December 19, 1995, the amendments modify the wording, not the substance, of this section.

ysis, HB 4334 (H-2), March 2, 1993, states that a representative of the Tax Tribunal appeared before the House taxation committee in support of the bill. The Senate Fiscal Agency Analysis, HB 4334 (H-2), March 22, 1993, describes the revised rehearing rights as follows:

> Rehearings of small claims cases before a Tax Tribunal member would be restricted to those cases for which *the Tribunal* found that there was good cause for a rehearing, and rehearings no longer would be de novo. [Emphasis added.]

Pursuant to MCL 205.703(e); MSA 7.650(3)(e), " 'Tribunal' means the tax tribunal." The Tax Tribunal consists of seven members who, subject to Senate confirmation, are appointed by the Governor to four-year terms. MCL 205.721; MSA 7.650(21). A "tribunal member" is a tribunal judge, not a hearing officer or hearing referee. *Hodgson v Birmingham*, 199 Mich App 490, 491; 502 NW2d 748 (1993), citing 1981 AACS, R 205.1101(g). Indeed, a close reading of the statute that provides the tribunal authority to appoint hearing officers, MCL 205.726; MSA 7.650(26), reveals that the Legislature intended a clear distinction between the roles of hearing officers and "the tribunal." There is no statutory language suggesting that the two positions have overlapping functions. Further, the Legislature has not authorized the tribunal to delegate its rehearing responsibilities to hearing officers. It appears clear that the only role the Legislature contemplated for hearing officers is to "hold hearings." See MCL 205.726; MSA 7.650(26), MCL 205.761; MSA 7.650(61).

Under the amended statute, a rehearing is allowed only "by leave of the tribunal." Further, the statutory duties afforded hearing officers do not include the authority to rule on motions for a rehearing. Accordingly, we hold that tribunal members, not hearing officers, must rule on requests for a rehearing and decide whether good cause is demonstrated. The tribunal may not delegate to hearing officers a responsibility that has been statutorily directed to the tribunal unless there is an accordant statutory provision allowing for the delegation of such authority. See *Hodgson, supra.* Here, no such enabling provision is either expressed or implied. Because the tribunal erred in delegating to a hearing officer its authority to decide whether petitioner had shown good cause for a rehearing, we remand for a ruling by a tribunal member on petitioner's motion for a rehearing.

In view of our disposition, we find it unnecessary to address the additional issues raised by petitioner.

Reversed and remanded. We do not retain jurisdiction.