PRESIDENT INN PROPERTIES, LLC v CITY OF GRAND RAPIDS

Docket No. 294452. Submitted February 1, 2011, at Grand Rapids. Decided February 17, 2011, at 9:00 a.m.

President Inn Properties, L.L.C., filed a petition in the Tax Tribunal contesting the assessed valuations of two parcels of property on which petitioner operates a hotel in respondent city of Grand Rapids. Following a hearing, a hearing referee issued a proposed opinion and judgment that adopted the valuations of petitioner's expert. Respondent filed objections to the proposed opinion and judgment. The Tax Tribunal ruled that the hearing referee had improperly given more credit to the testimony and appraisals of petitioner's appraiser, but otherwise adopted the hearing referee's findings of fact and conclusions of law, including the referee's finding that respondent's evidence that the value of each of the properties was greater than that listed on the tax rolls should be discounted. The tribunal affirmed respondent's assessments for the subject properties and modified the referee's proposed opinion and judgment and adopted the modified proposed opinion and judgment as the tribunal's final decision in the case. Petitioner appealed.

The Court of Appeals *held*:

1. Tax Tribunal proceedings are de novo in nature and the tribunal has a duty to make an independent determination of true cash value. The tribunal may not automatically accept the valuations on the tax rolls, even when the petitioner fails to prove by the greater weight of the evidence that the challenged assessment is wrong. The tribunal has a duty to determine the most accurate valuation under the individual circumstances of the case.

2. The Tax Tribunal did not err by admitting respondent's exhibit E for the limited purpose of impeaching petitioner's appraiser.

3. The Tax Tribunal, in fulfilling its statutory responsibility, may make its own determinations regarding the credibility of witnesses and the weight to be assigned to evidence in the record. Therefore, the tribunal did not err by reconsidering the issues regarding the credibility of petitioner's appraiser and the weight to be given to the evidence provided by the appraiser.

4. The Legislature, although providing a broad framework and numerous factors to be considered, has not specified methods of valuation that assessors must employ. Any method for determining true cash value that is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value. A valuation method is wrong only if it does not lead to the most accurate determination of the true cash value or fair market value of the taxable property. The tribunal may correlate, reconcile, and weigh valuations derived under various approaches with the ultimate goal of considering all factors under the circumstances in determining the fair market value of the subject property.

5. Although the Tax Tribunal may not assume that the assessed valuation of property is valid, the tribunal may adopt the assessed valuation stated on the tax rolls as the tribunal's independent finding of true cash value when competent and substantial evidence supports doing so.

6. The Tax Tribunal did not abdicate its responsibility to determine independently the subject properties' true cash value when it adopted the properties' assessed valuation on the tax rolls because there was competent and substantial evidence in the record supporting the tribunal's determination. The tribunal's valuation, which was within the range of valuations in evidence, was supported by competent and material evidence and must be affirmed.

7. Any error in the form of the tribunal's final opinion and judgment did not prejudice petitioner and does not require reversal. On remand, the Tax Tribunal must correct the two clerical errors in its final opinion and judgment identified by the Court of Appeals.

Affirmed and remanded for the correction of clerical errors.

1. TAXATION — ADMINISTRATIVE LAW — TAX TRIBUNAL — APPEAL.

Review of decisions of the Tax Tribunal by the Court of Appeals is, in the absence of fraud, limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final provided that they are supported by competent and substantial evidence.

2. TAXATION — TAX TRIBUNAL — ASSESSMENTS — VALUATIONS.

The Tax Tribunal must determine the most accurate valuation under the individual circumstances of the case; even when a petitioner fails to prove by the greater weight of the evidence that

a challenged assessment is wrong, the tribunal may not automatically accept the valuation on the tax rolls and must make an independent valuation.

3. TAXATION — TAX TRIBUNAL — REVIEW OF HEARING REFEREES' DECISIONS — CREDIBILITY OF WITNESSES — WEIGHT OF THE EVIDENCE.

The Tax Tribunal, in considering a proposed decision of a hearing referee, may make its own determinations regarding the credibility of witnesses and the weight to be assigned to the evidence in the record.

4. TAXATION — TAX TRIBUNAL — VALUATION METHODS.

The Tax Tribunal is not obligated to accept the valuation figures or approach to valuation advanced by the parties; any method for determining true cash value that is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value; regardless of the valuation approach employed, the final value determination must represent the usual price for which the property would sell; a valuation method is wrong only if it does not lead to the most accurate determination of the property's true cash value or fair market value.

5. TAXATION — TAX TRIBUNAL — ASSESSED VALUATIONS — TRUE CASH VALUE.

A property's assessed valuation on the tax rolls carries no presumption of validity in Tax Tribunal proceedings regarding the valuation of the property; the Tax Tribunal may adopt the assessed valuation as its independent finding of true cash value when there is competent and substantial evidence supporting the valuation.

*Peter N. Rigas* for petitioner.

*Catherine M. Mish,* City Attorney, and *Nadine R. Klein,* Assistant City Attorney, for respondent.

Before: OWENS, P.J., and MARKEY and METER, JJ.

PER CURIAM. Petitioner appeals by right the final opinion and judgment of the Tax Tribunal establishing for the tax years 2004-2006 the true cash value (TCV), the state equalized value (SEV), and the taxable value (TV), of two parcels of property on which petitioner operates a hotel. We affirm but remand for correction of

clerical errors regarding the identification number of one parcel (41-14-05-276-009) and the 2006 TV of the other parcel ($678,864).

## I. FACTUAL BACKGROUND

A hearing referee conducted a three-day hearing at which petitioner presented evidence that the TCV of each of the properties was less than the amount listed on the assessment rolls, and respondent presented evidence that the TCV of each of the properties was more than that listed on the assessment rolls. Because the hearing referee found petitioner's evidence and valuation method more persuasive than that of respondent, he issued a proposed opinion and judgment adopting the valuations of petitioner's expert. See MCL 205.726. Respondent filed objections to the hearing referee's proposed opinion and judgment. On review of the record and the parties' pleadings, the Tax Tribunal ruled that the hearing referee had improperly credited petitioner's appraiser, stating that two of the appraiser's appraisals should have been accorded little or no weight. The tribunal mainly discredited the two appraisals because the same appraiser had prepared a third appraisal for purposes of obtaining financing and it was strikingly different. But the tribunal otherwise adopted the hearing referee's findings of fact and conclusions of law, including the referee's finding that respondent's evidence that the value of each of the properties was greater than that listed on the tax rolls should also be discounted. The Tax Tribunal's findings read, in part:

5. Respondent's Exhibit E (Petitioner's 2002 Appraisal for Finance Purposes with Exhibits) was properly admitted into evidence. However, the POJ [the hearing referee's proposed opinion and judgment] failed to state

that Exhibit E was admitted solely for impeachment purposes. Although Exhibit E was not admitted for valuation purposes, the [hearing referee] still failed to take the appraisal into consideration in the rendering of its [sic] decision.

\* \* \*

9. Ultimately, Petitioner's appraiser should have been awarded little credibility for the large differences in the two appraisals. The disparity in the two reports is not explained by the September 11th bombing of New York, the unemployment, the location or the factors that were not cited in the original appraisal that would not have changed given the short time span between the reports as asserted by Petitioner. The inconsistencies between the reports cast enough uncertainty that the Tribunal finds that Petitioner's December 31, 2003 appraisal is given very minimal weight.

10. The [hearing referee's] analysis of why Respondent's appraisal was given little weight is adopted. As such, the Tribunal finds that Respondent's assessments for the subject properties for the tax years at issue are affirmed. Petitioner failed to carry the burden of establishing the true cash value of the property. Conversely, Respondent failed to meet its burden of proving the subject property's assessments should be changed from that reflected on the tax rolls. Therefore, the true cash, state equalized, and taxable values for the subject property are as follows:

**Parcel Number: 41-14-05-276-011**

| Year | TCV | SEV | TV |
|------|------|------|------|
| 2004 | $1,528,400 | $764,200 | $642,403 |
| 2005 | $1,595,600 | $797,800 | $756,178 |
| 2006 | $1,595, 600 | $797,800 | $672,293[1] |

[1] The parties agree that this is an error and that the correct 2006 TV is $678,864.

**Parcel Number: 41-14-05-276-001[2]**

| Year | TCV | SEV | TV |
| --- | --- | --- | --- |
| 2004 | $116,400 | $58,200 | $48,998 |
| 2005 | $121,600 | $60,800 | $50,124 |
| 2006 | $146,000 | $73,000 | $51,778 |

11. Given the above, the Tribunal modifies the Proposed Opinion and Judgment, as indicated herein, and adopts the modified Proposed Opinion and Judgment as the Tribunal's final decision in this case. *See* MCL 205.726. The Tribunal also incorporates by reference the Findings of Fact and Conclusions of Law contained in the modified Proposed Opinion and Judgment in this Final Opinion and Judgment.

Therefore,

IT IS ORDERED that the property's values for the 2004, 2005 and 2006 tax years shall be as set forth in this Final Opinion and Judgment. [Final Opinion and Judgment, pp 5-9 (Michigan Tax Tribunal Docket No. 310739, entered September 17, 2009).]

Petitioner appeals by right, MCL 205.753(1), asserting that the Tax Tribunal committed several errors of law and also made several erroneous factual findings.

II. STANDARD OF REVIEW

This Court's ability to review decisions of the Tax Tribunal is very limited. *Columbia Assoc, LP v Dep't of Treasury*, 250 Mich App 656, 665; 649 NW2d 760 (2002). Michigan's Constitution provides: "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valua-

---

[2] The parties agree that the correct parcel number is 41-14-05-276-009.

tion or allocation." Const 1963, art 6, § 28. Thus, this Court's "review of decisions of the Tax Tribunal, in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided that they are supported by competent and substantial evidence." *Antisdale v Galesburg*, 420 Mich 265, 277; 362 NW2d 632 (1984).

With respect to general valuation principles in the Tax Tribunal, the petitioner has the burden to establish the true cash value of property. MCL 205.737(3); *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998). The burden of proof encompasses two concepts: "(1) the burden of persuasion, which does not shift during the course of the hearing; and (2) the burden of going forward with the evidence, which may shift to the opposing party." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 354-355; 483 NW2d 416 (1992). Nevertheless, because Tax Tribunal proceedings are de novo in nature, the Tax Tribunal has a duty to make an independent determination of true cash value. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 409. Thus, even when a petitioner fails to prove by the greater weight of the evidence that the challenged assessment is wrong, the Tax Tribunal may not automatically accept the valuation on the tax rolls. *Id.* at 409. Regardless of the method employed, the Tax Tribunal has the overall duty to determine the most accurate valuation under the individual circumstances of the case. *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 485-486, 502; 473 NW2d 636 (1991).

This case also presents issues of statutory interpretation, which are questions of law that this Court

reviews de novo. *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 628; 765 NW2d 31 (2009). Proper construction of a statute "begins by reviewing the text of the statute at issue; if the language is unambiguous, it is presumed that the Legislature intended the meaning plainly expressed, and judicial construction of the statute is not permitted." *Paris Meadows, LCC v Kentwood*, 287 Mich App 136, 141; 783 NW2d 133 (2010). Furthermore, "[n]othing may be read into a clear statute 'that is not within the manifest intent of the Legislature as derived from the words of the statute itself.' " *Id.* (citation omitted).

### III. ANALYSIS

Petitioner first argues that the Tax Tribunal erred as a matter of law and fact by stating in ¶ 5 of its final opinion and judgment that respondent's exhibit E was admitted into evidence. The record does not support petitioner's claim.

At the hearing before the hearing referee, respondent's exhibits were marked alphabetically and exhibit E was identified as a 2002 appraisal of the subject property prepared for petitioner by the same expert who testified for petitioner at the hearing and who also prepared two other appraisals (petitioner's exhibits 1 and 2) admitted into evidence for tax-valuation purposes. Respondent's attorney moved for the admission of exhibit E during the cross-examination of petitioner's appraiser "for purposes of impeachment, rebuttal, and to, for the witness's credibility." Petitioner's attorney objected on grounds of relevancy and also because respondent could impeach the witness by simply questioning him about his appraisals. The hearing referee ruled regarding respondent's exhibit E:

[*Hearing Referee*]: As I said before, the respondent in this instance as to this witness is entitled to cross-examination. Part of cross-examination is to impeach the credibility of the witness.

\* \* \*

[*Hearing Referee*]: Wait. And to that extent, this—let's put it this way: The admissibility is on the basis of its use in the impeachment of this witness.

\* \* \*

[*Hearing Referee*]: Now, as to the ultimate value, it is not being considered for that purpose.

Thus, the record reflects that respondent's exhibit E was admitted for the limited purpose of impeaching petitioner's appraiser. This is the purpose for which the Tax Tribunal utilized exhibit E. The tribunal did not err as a matter of fact or law. That one page of exhibit E was admitted later in the hearing as part of another exhibit does not alter the fact that all of exhibit E had previously been admitted for the purpose of impeaching petitioner's appraiser.

Next, petitioner argues that the Tax Tribunal erred by revisiting the credibility of petitioner's appraiser and the weight assigned to his appraisals. We disagree.

Petitioner cites MCR 2.613(C) and caselaw for the proposition that appellate courts will defer to credibility determinations by the fact-finder. It is true that this Court will not assess witness credibility. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 407. Also, the weight given to the evidence is within the discretion of the Tax Tribunal. *Id.* at 404, 413. But petitioner fails to cite a statute, administrative rule, or appellate decision that has applied these principles in the context of the Tax Tribunal's performance of its statutory obligation

of considering and deciding issues presented in a hearing referee's proposed opinion and judgment. "A proposed decision of a hearing officer or referee shall be considered and decided by 1 or more members of the tribunal." MCL 205.726. Although petitioner's citation of analogous authority perhaps saves its argument from being abandoned, we conclude that petitioner's analogy fails in light of the statutory authority vested in the Tax Tribunal.

Section 26 of the Tax Tribunal Act, MCL 205.726, authorizes the Tax Tribunal to "appoint 1 or more hearing officers to hold hearings." Furthermore, except for proceedings in the residential property and small claims division of the tribunal, tribunal hearings "shall be conducted pursuant to chapter 4 of the administrative procedures act of 1969, 1969 PA 306, MCL 24.271 to 24.287 . . . ." MCL 205.726. "[T]he Tax Tribunal is under a duty to apply its expertise to the facts of a case and is not bound by either party's theories of valuation," and with respect to disputed issues, "it must follow the procedures in the Administrative Procedures Act . . . ." *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 400-401. This Court has also held in the context of a motion for rehearing under MCL 205.762(3) that the Tax Tribunal may not delegate its statutory responsibilities to hearing referees. *Shapiro Bag Co v Grand Rapids*, 217 Mich App 560, 563; 552 NW2d 185 (1996). Here, the statute providing for the appointment of hearing referees squarely places the responsibility on "1 or more members of the tribunal" to consider and decide "[a] proposed decision of a hearing officer or referee . . . ." MCL 205.726.

As noted, chapter 4 of the Administrative Procedures Act (APA) governs hearings in the Tax Tribunal, except those in the residential property and small claims

division. The APA provides that a "proposal for decision shall contain a statement of the reasons therefor and of each issue of fact and law necessary to the proposed decision, prepared by a person who conducted the hearing or who has read the record." MCL 24.281(2). Moreover, the APA permits, except as limited by statute or rule, review de novo by the agency—here the Tax Tribunal—of a proposed decision. "On appeal from or review of a proposal of decision the agency, except as it may limit the issue upon notice or by rule, shall have all the powers which it would have if it had presided at the hearing." MCL 24.281(3). See also MCL 205.734(1): "One or more members of the tribunal may hear and decide proceedings." And, see MCL 205.735(2): "A proceeding before the tribunal is original and independent and is considered de novo." Finally, tribunal rules do not limit its ability to review the credibility of witnesses or its ability to reassess the weight to be assigned to evidence in the record. Rule 348, 1996 AACS, R 205.1348,[3] in effect at the time of these proceedings, provided, in pertinent part:

> (1) A party may request a rehearing or reconsideration of a decision by a hearing officer or referee by filing a written request for a rehearing with the tribunal and submitting a copy to the opposing party within 21 days of the entry of the opinion and judgment by the hearing officer or hearing referee. The request shall demonstrate good cause as to why a rehearing shall be held. . . .
>
> * * *
>
> (4) For purposes of this rule, "good cause" means any of the following:

---

[3] The current version of this rule provides that a party may timely file exceptions to a hearing referee's proposed decision that "shall demonstrate good cause as to why the decision should be modified or a rehearing held." The definition of "good cause" in subsection 4 remains unchanged. 2009 AACS, R 205.1348 (effective October 19, 2009).

(a) Error of law.

(b) Mistake of fact.

(c) Fraud.

(d) Any other reason the tribunal deems sufficient and material.

In summary, MCL 205.726 provides: "A proposed decision of a hearing officer or referee shall be considered and decided by 1 or more members of the tribunal." We hold that in fulfilling this statutory responsibility, the Tax Tribunal may make its own determinations regarding the credibility of witnesses and the weight to be assigned to evidence in the record. Consequently, we conclude that the Tax Tribunal did not err by reconsidering petitioner's appraiser's credibility and the weight to be given the evidence he provided.

Petitioner next argues that the Tax Tribunal erred by employing an incorrect valuation method and by not independently determining the value of the property. Specifically, petitioner argues that (1) the valuations on the assessment rolls were determined by the cost-less-depreciation method, (2) because the properties produced income, the tribunal was required to determine their value by the income-capitalization method, and (3) by adopting the existing assessed valuations, the tribunal did not make its own independent determination of value using the correct valuation method. We disagree.

Our constitution provides for the uniform taxation of property assessed at not in excess of 50 percent of its true cash value. Const 1963, art 9, § 3. The Legislature has defined "true cash value" as meaning "the usual selling price at the place where the property to which the term is applied is at the time of assessment, being

the price that could be obtained for the property at private sale, and not at auction sale except as otherwise provided in this section, or at forced sale." MCL 211.27(1); see also *Antisdale*, 420 Mich at 274-276. The Legislature has specified that tax assessors "shall also consider the advantages and disadvantages of location; quality of soil; zoning; existing use; present economic income of structures, including farm structures; present economic income of land if the land is being farmed or otherwise put to income producing use; quantity and value of standing timber; water power and privileges; and mines, minerals, quarries, or other valuable deposits known to be available in the land and their value." MCL 211.27(1). Michigan courts have considered "true cash value" as being synonymous with "fair market value." *Meadowlanes*, 437 Mich at 484 n 17; *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389.

Other than providing a broad framework and numerous factors to be considered, the Legislature has not specified methods of valuation that assessors must employ. *Antisdale*, 420 Mich 275-276. The Legislature does, however, require that an annual assessment of property subject to taxation be made by an "assessing officer" in accordance with the constitutional and statutory strictures noted above. MCL 211.10. A taxing unit's assessing officer must also be certified as qualified by the state assessor's board. MCL 211.10c and MCL 211.10d. Further, assessing officers, in preparing annual assessments, "shall use only the official assessor's manual or any manual approved by the state tax commission, consistent with the official assessor's manual, with their latest supplements, as prepared or approved by the state tax commission as a guide in preparing assessments." MCL 211.10e. In the proceedings before the Tax Tribunal here, the parties stipu-

lated the subject properties' assessed valuation (AV), state equalized value (SEV), and taxable value (TV) for the tax years at issue "as confirmed by the Board of Review or on the assessment roll." Although the parties also stipulated that the "cost approach" to valuation "is not applicable in this case," petitioner points to nothing in the record to support its argument that the assessed valuations on the assessment roll were determined by the cost-less-depreciation method of valuation.

We also disagree with petitioner's argument that because the properties were income producing, the income-capitalization method of valuation is the only acceptable method of determining the properties' true cash value. Petitioner relies on *Southfield Western, Inc v Southfield*, 146 Mich App 585; 382 NW2d 187 (1985), and *Presque Isle Harbor Water Co v Presque Isle Twp*, 130 Mich App 182; 344 NW2d 285 (1983), for this argument. Neither case supports petitioner's broad argument. In the *Southfield Western* case, the parties did not challenge using the capitalization-of-income method of valuation, nor did the Court hold that this method must always be used to value income-producing property. *Southfield Western*, 146 Mich App at 587. In the *Presque Isle* case, the Court stated that *Northwood Apartments v Royal Oak*, 98 Mich App 721, 725; 296 NW2d 639 (1980), "held that the proper method of assessing income-producing property is the capitalization of income approach." *Presque Isle*, 130 Mich App at 192-193. In *Northwood Apartments*, however, the parties again agreed that the proper method of valuation was the income-capitalization method. *Northwood Apartments*, 98 Mich App at 725. The Court further opined that "[a]ny method for determining true cash value which is recognized as accurate and reasonably related to fair market valuation is an acceptable indicator of true cash value." *Id.*

Courts have generally recognized that the "three most common approaches to valuation are the capitalization-of-income approach, the sales-comparison or market approach, and the cost-less-depreciation approach." *Jones & Laughlin*, 193 Mich App at 353. Our Supreme Court has described these three common valuation techniques, quoting from the Michigan State Tax Commission Assessor's Manual. See *Antisdale*, 420 Mich at 276-277 n 1. "Regardless of the valuation approach employed, the final value determination must represent the usual price for which the subject property would sell." *Meadowlanes*, 437 Mich at 485. In other words, a valuation method is wrong only if it does not lead to the most accurate determination of the taxable property's true cash value or fair market value. Thus, the Tax Tribunal has a duty "to select the approach which provides the most accurate valuation under the circumstances of the individual case." *Antisdale*, 420 Mich at 277; *Jones & Laughlin*, 193 Mich App at 353.

In this case, the parties each presented expert witnesses who testified at the Tax Tribunal proceedings. Both experts presented appraisals of the subject properties using both the income-capitalization method and the sales-comparison or market approach. Petitioner's expert and his appraisals concluded that the TCV of each of the properties was less than that listed on the assessment rolls. Respondent's expert and her appraisals concluded that the TCV of each of the properties was more than that listed on the assessment rolls. The Tax Tribunal was under no obligation to accept the valuation figures or the approach to valuation advanced by either petitioner or respondent. *Teledyne Continental Motors v Muskegon Twp*, 145 Mich App 749, 754; 378 NW2d 590 (1985). The tribunal "may accept one theory and reject the other, it may reject both theories, or it may utilize a combination of both in arriving at its

determination." *Jones & Laughlin*, 193 Mich App at 356. The Tax Tribunal may correlate, reconcile, and weigh valuations derived under various approaches with the ultimate goal of considering all factors under the circumstances in determining the fair market value of the subject property. *Meadowlanes*, 437 Mich at 485-486.

Next, we disagree with petitioner's argument that the Tax Tribunal committed an error of law or adopted a wrong principle by finding that the properties' assessed valuation on the tax rolls was also the properties' true cash value. In the Tax Tribunal, a property's assessed valuation on the tax rolls carries no presumption of validity. *Consol Aluminum Corp, Inc v Richmond Twp*, 88 Mich App 229, 232; 276 NW2d 566 (1979). Further, the Tax Tribunal "cannot merely affirm the assessment as placed upon the rolls by the assessing authority." *Oldenburg v Dryden Twp*, 198 Mich App 696, 699; 499 NW2d 416 (1993). For the Tax Tribunal to accord presumptive validity to a property's assessed valuation on the tax rolls would conflict with the statutory requirement that proceedings before the tribunal are "original and independent and . . . de novo." MCL 205.735(2); *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 409. Thus, the tribunal may not automatically accept the taxing authority's assessment because "[t]he Tax Tribunal has a duty to make its own, independent determination of true cash value." *Id.* at 389. Even on the failure of a party's evidence that a property's assessed valuation is lower than that on the rolls, the burden of going forward with the evidence may shift to the opposing party. *Jones & Laughlin*, 193 Mich App at 355. But the Tax Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of TCV when competent and substantial evidence supports doing so. *Antisdale*, 420 Mich at 277.

In *Consol Aluminum Corp*, this Court found that the Tax Tribunal erred for two reasons when it adopted the assessed valuation on the rolls after rejecting the petitioner's evidence. First, the respondent's only witness was not allowed "to state any independent valuation conclusions because of respondent's failure to submit written appraisals before the hearing." *Consol Aluminum Corp*, 88 Mich App at 233. Second, there was evidence before the tribunal that the assessed valuation on the tax rolls was based on " 'a fiction of federal tax law,' " rather than a determination of TCV as required by MCL 211.27. *Consol Aluminum Corp*, 88 Mich App at 233-234 (citation omitted). Thus, "there was no evidence presented at the hearing from which the Tax Tribunal could have determined the true cash value for the properties in question." *Id.* at 234. Consequently, the tribunal erred by adopting the assessed valuation on the tax rolls because it must make its own independent valuation finding, *and* there must be evidence on the record supporting the finding. *Id.* at 232-234; *Teledyne*, 145 Mich App at 758.

We conclude that the Tax Tribunal did not abdicate its responsibility to independently determine the subject properties' true cash value when it adopted the properties' assessed valuation on the tax rolls. There was competent and substantial evidence in the record supporting the tribunal's determination. In other contexts, this Court has found no clear error by the fact-finder when it determines that the value of property lies within the range of values as testified to by experts. For example, a jury award in a condemnation case " 'will be upheld . . . if it is supported by competent evidence as long as the amount is not lower than the minimum, or higher than the maximum valuation placed by the witnesses on the property sought to be condemned.' " *State Hwy Comm'r v Hessell*, 5 Mich App

559, 565; 147 NW2d 464 (1967) (citation omitted). And in the context of valuing marital assets, a trial court does not commit clear error when its valuation is "within the range of figures given by the parties' experts . . . ." *Rickel v Rickel*, 177 Mich App 647, 650; 442 NW2d 735 (1989). See, also, *Jansen v Jansen*, 205 Mich App 169, 171; 517 NW2d 275 (1994), and *Pelton v Pelton*, 167 Mich App 22, 25-26; 421 NW2d 560 (1988). We must "accept the tribunal's factual findings as final, provided they are supported by competent, material, and substantial evidence. Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Jones & Laughlin*, 193 Mich App at 352-353 (citations omitted). Here, the properties' assessed valuations on the tax rolls were in evidence because of the parties' stipulation, and there was expert testimony and appraisals in evidence placing the properties' TCV above and below the properties' assessed valuations on the tax rolls. Because the tribunal's valuation was within the range of valuations in evidence, it was supported by competent and material evidence, and we must affirm. *Antisdale*, 420 Mich at 277.

Petitioner next argues that the tribunal committed an error of law by not reiterating a separate, concise statement of facts and conclusions of law. MCL 205.751(1) provides that "[a] decision and opinion of the tribunal . . . shall be in writing or stated in the record, and shall include a concise statement of facts and conclusions of law . . . ." Also, MCL 24.285, incorporated into tribunal proceedings through MCL 205.726, provides that "[a] final decision or order of an agency . . . shall include findings of fact and conclusions of law separated into sections captioned or entitled 'findings of fact' and 'conclusions of law', respectively." Here, the hearing referee's proposed opinion and judgment contained separate sections labeled

"findings of fact" and "conclusions of law," and the tribunal's final opinion and judgment did not. Even if the tribunal's adoption of the proposed opinion and judgment, as modified by the final order, failed to comply with MCL 205.751(1) and MCL 24.285, we conclude that the error does not warrant reversal. The purpose of these provisions is to aid appellate review. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 402. It is apparent that the lack of separately captioned sections entitled "findings of fact" and "conclusions of law" in the tribunal's final opinion and judgment has not hindered petitioner in bringing its allegations of error in this Court. Also, the lack of formal labeling in the tribunal's final opinion and judgment has not impeded this Court from reviewing and deciding petitioner's claims. Consequently, any error in form has not prejudiced petitioner, and reversal is not warranted. See *Community Assoc v Meridian Charter Twp*, 110 Mich App 807, 812; 314 NW2d 490 (1981), holding "this Court will not reverse a tribunal decision unless the party alleging the error can show prejudice."

We affirm but remand to the Tax Tribunal for correction of the apparent clerical errors set forth in footnotes 1 and 2 of this opinion. We do not retain jurisdiction.