STATE OF MICHIGAN
COURT OF APPEALS

BRIGHTON MALL ASSOCIATES, L.P.,

Petitioner-Appellee,

v

CITY OF BRIGHTON,

Respondent-Appellant.

UNPUBLISHED
July 14, 2015

No. 321044
Tax Tribunal
LC No. 00-433590

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Petitioner, Brighton Mall Associates, L.P. (the Mall), appealed the assessment of respondent, City of Brighton (the City), regarding property taxes on a retail mall (the property) for the 2012 tax year. The Tax Tribunal found that the aggregate true cash value of the property was $13,103,600. The City now appeals. We affirm.

## I. FACTS

The property is a multi-unit retail center and office complex near I-96 in Brighton, Michigan. Originally developed in the 1970s, the property consists of three separate tax parcels. For the 2012 tax year, the City assessed the property with an aggregate true cash value of $20,523,660. The Mall petitioned the Tax Tribunal, contesting the assessment and contending that the property's true cash value was $12,250,000.

The Mall and the City presented competing expert assessment testimony to the Tribunal. The main difference between the two experts' values concerned how they valued the approximately 85,000 square foot space that the retailer Sears rented. Michael E. Ellis valued this space at $1.94 per square foot on the basis of a long-term lease. Jack J. Johns valued this space at $5.50 per square foot on the basis of current market rates. The Tax Tribunal concluded that Ellis's appraisal correctly used Sears's lease when calculating the property's projected net operating income. Relying on Ellis's appraisal, the Tribunal determined that the property's aggregate true cash value for the 2012 tax year was $13,103,600. The City now appeals.

## II. STANDARD OF REVIEW

This Court's review of a decision by the Tax Tribunal is limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). We must accept the Tax Tribunal's

factual findings if "competent, material, and substantial evidence on the record" supports them. Const 1963, art 6, § 28. Substantial evidence supports the Tax Tribunal's findings if a reasonable person would accept the evidence as sufficient to support the Tribunal's conclusion. *Wayne Co v Mich State Tax Comm*, 261 Mich App 174, 186-187; 682 NW2d 100 (2004). Substantial evidence "may be substantially less than a preponderance." *Id*. at 187. This Court reviews de novo the interpretation and application of tax statutes. *Mich Props*, 491 Mich at 528.

### III. VALUATION OF THE SEARS SPACE

The City contends that the Tax Tribunal erroneously used the value of the long-term, unfavorable Sears lease to determine the true cash value of the property because it ignored evidence that the lease would not be renewed in subsequent years. We disagree.

The Michigan Constitution provides that true cash value is necessary to determine a property's proper tax. Const 1963, art 9, § 3. The Legislature has provided that "property shall be assessed at 50% of its true cash value[.]" MCL 211.27a(1). "True cash value" is defined as "the usual selling price . . . that could be attained for the property at a private sale. . . ." MCL 211.27(1). True cash value and fair market value are synonymous, and both are "the probable price that a willing buyer and a willing seller would arrive at through arms length negotiation." *Huron Ridge LP v Ypsilanti Twp*, 275 Mich App 23, 28; 737 NW2d 187 (2007).

The City does not dispute that the application of two cases, *CAF Investment Co v State Tax Comm*, 392 Mich 442; 221 NW2d 588 (1974) (*CAF I*),[1] and *CAF Investment Co v Saginaw Twp*, 410 Mich 428; 302 NW2d 164 (1981) (*CAF II*), requires the Tax Tribunal to consider the effect of unfavorable long-term leases when determining a property's true cash value. *CAF I* required the Tribunal to value the property's actual income, which is based on the property's actual rents. *Id*. at 456. However, *CAF II* indicated that there are reasons the Tax Tribunal may decide not to consider a property's long-term lease when determining its projected income. *CAF II*, 410 Mich at 461.

The City contended that the Tribunal should disregard the long-term lease because Sears would no longer be leasing the space in the near future and, therefore, a reasonable buyer would pay more for the property. To support this assertion, Johns relied on two articles printed from the internet the day before the hearing. The Tribunal noted that there was no reason to believe Sears's long-term lease would expire, and there was no indication that the Sears space would become vacant in the future. It relied on the testimony of Brighton Mall's witness, Marc Weinbaum, who testified that he was not aware that any Sears stores intended to close. Regarding the internet articles, the Tribunal determined that they had very little weight:

---

[1] Superseded in part by statute on other grounds as stated in *Forest Hills Coop v City of Ann Arbor*, 305 Mich App 572, 597; 854 NW2d 172, lv den 857 NW2d 22 (2014), abrogation recognized on other grounds as stated by *Georgetown Place Coop v City of Taylor*, 226 Mich App 33; 572 NW2d 232 (1997) (*CAF I*), and *CAF Investment Co v Saginaw Twp*, 410 Mich 428; 302 NW2d 164 (1981), superseded in part by statute on other grounds as stated in *Forest Hills Coop*, 305 Mich App at 597 (*CAF II*).

The Tribunal gives minimal weight to [the City's] two on-line sources stating the closure of the Sears store. It is unknown whether a property manager would rely upon Yahoo News.com or USA Today.com as an authoritative source.

The credibility of the witnesses is a matter for the Tax Tribunal to determine. *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 636; 806 NW2d 342 (2011). We also will not interfere with the Tax Tribunal's determinations of the weight to assign to the evidence. *Id*.

In this case, substantial evidence supported the Tax Tribunal's determination that the property was subject to a long-term lease that affected its true cash value. We decline to overturn the Tribunal's determination that the evidence that the Sears store would be closing in the future had little weight. This information was obtained from sources with sketchy credibility and that Johns did not rely on for his appraisal. Further, it is undisputed that the Sears store did not actually close in the 2012 tax year. Therefore, the Tribunal had no reason to disregard the evidence of the property's actual income, as affected by the long-term unfavorable Sears lease. We conclude that the Tribunal did not err by basing its valuation on the property's actual income in this case.

## IV. THE TRIBUNAL'S 2011 DETERMINATION

The City also contends that the Tax Tribunal erred when it reduced the property's assessment about $8 million between 2011 and 2012 because there was no indication that economic circumstances had changed since its 2011 determination. We disagree.

"A proceeding before the tribunal is original, and independent, and is considered de novo." MCL 205.735a(2). The Tribunal has the duty to make an independent determination of a property's true cash value using the most accurate valuation methods under the circumstances. *Meadowlanes Ltd Dividend Housing Ass'n v Holland*, 437 Mich 473, 485; 473 NW2d 636 (1991). The trial court may consider evidence of a prior year's determination when reviewing an appeal for a new year. *Mich Props*, 491 Mich at 544 n 49.

In this case, the Tribunal considered the evidence of the prior year's determination. However, it determined that the prior valuation was based on "different appraisers, evidence and issues involving [the Mall's] appraiser." It noted that the appraiser had used an approach to valuation that "made no sense to this Tribunal." The prior Tribunal had only "reluctantly utilized the appraisal with the least flaws to arrive at an independent determination of value."

We conclude that the Tribunal properly exercised its jurisdiction and fulfilled its duty to make an independent determination of the property's true cash value. Again, we defer to the Tribunal's determination of the weight of the evidence. See *President Inn Props*, 291 Mich App at 636. While the Tribunal considered the prior year's determination, it gave the prior determination little weight because it was based on a different set of appraisals and different evidence. The 2011 valuation was only one piece of evidence in this case. It did not override the Tribunal's independent determination of the property's true cash value in 2012, which was based on the evidence before it.

We affirm.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly