# STATE OF MICHIGAN

# COURT OF APPEALS

RITA C. FERGUSON,

Petitioner-Appellant,

v

TOWNSHIP OF HAMBURG,

Defendant-Appellee.

UNPUBLISHED
March 15, 2018

No. 336226
Tax Tribunal
LC No. 16-003030-TT

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Petitioner[1] appeals as of right from a final opinion and judgment of the Tax Tribunal finding the true cash value (TCV) of the subject parcel of land to be $608,240, the state equalized value (SEV) to be $304,120, and the taxable value (TV) to be $154,052. We affirm.

## I. FACTS

Petitioner owns a parcel of land within respondent's borders. A residence having four apartments sits on the property. In 2013, respondent approved a two-story addition to the residence, along with a remodel of a portion of the second floor. Following an exterior inspection of the residence in 2016, respondent increased the TV from $118,258 to $154,052, and the SEV from $180,330 to $304,120, making the TCV $608,240. Petitioner sought review from respondent's Board of Review, which declined to change the valuations. Petitioner appealed this decision to the Tax Tribunal, asserting that the fair market value of the property should have been less than $360,660, and that the TV should have been less than $118,258. Petitioner asserted that the assessor used the "wrong square footage in calculations," "improper story height selections in calculations," "the wrong Square Foot cost pages in calculations," "the wrong Square Foot cost pages for adjustments and additions," and "the wrong depreciation in calculations." In support, petitioner submitted, among other exhibits, her own handwritten calculations regarding the property's square footage and its ultimate valuation. Following a hearing, the Tax Tribunal adopted respondent's calculations, citing the lack of evidentiary support provided by petitioner. This appeal followed.

---

[1] Petitioner is proceeding in propria persona.

II. ANALYSIS

Petitioner asserts that the Tax Tribunal adopted a conclusive presumption of validity with respect to respondent's calculations, and argues that the tribunal erred by adopting respondent's calculations because those calculations were incorrect. We disagree.

This Court's review of Tax Tribunal decisions is "limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided they are supported by competent, material, and substantial evidence on the whole record." *Comcast Cablevision of Sterling Hts, Inc v Sterling Hts*, 218 Mich App 8, 11; 553 NW2d 627 (1996). The Tax Tribunal commits an error of law requiring reversal when it fails "to base a decision on competent, material, and substantial evidence[.] . . ." *Meijer, Inc v Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000). "Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence." *Id*.

MCL 211.27a(2) provides, in pertinent part, as follows:

Except as otherwise provided in subsection (3) [dealing with transfer of ownership], for taxes levied in 1995 and for each year after 1995, the taxable value of each parcel of property is the lesser of the following:

(a) The property's taxable value in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions.

(b) The property's current state equalized valuation.

"True cash value is synonymous with fair market value" and the burden rests on petitioner to establish TCV. *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998).[2]

We first address whether the Tax Tribunal adopted a conclusive presumption of validity. This Court explained the Tax Tribunal's role when evaluating a property's TCV:

In the Tax Tribunal, a property's assessed valuation on the tax rolls carries no presumption of validity. Further, the Tax Tribunal cannot merely affirm the assessment as placed upon the rolls by the assessing authority. For the Tax Tribunal to accord presumptive validity to a property's assessed valuation on the tax rolls would conflict with the statutory requirement that proceedings before the tribunal are original and independent and . . . de novo. Thus, the tribunal may not automatically accept the taxing authority's assessment because [t]he Tax Tribunal has a duty to make its own, independent determination of true cash value. Even on the failure of a party's evidence that a property's assessed valuation is lower

---

[2] SEV approximates 50% of the property's market value

than that on the rolls, the burden of going forward with the evidence may shift to the opposing party. But the Tax Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of TCV when competent and substantial evidence supports doing so. [*President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 640; 806 NW2d 342 (2011) (citation and quotation marks omitted).]

Here, the Tax Tribunal acknowledged its obligation to reach an independent determination of true cash value. In rendering its decision, the tribunal made findings of fact, including that "[p]etitioner did not submit an independent valuation disclosure for her contention of value," and that "[p]etitioner's valuation evidence does not include any interior photographs or blueprints." Conversely, respondent's floor sketch and calculations, the Tax Tribunal concluded, were based on "exterior measurements/photographs and blueprints." Additionally, the Tax Tribunal noted that "[p]etitioner's handwritten dissection and computation for varied sections of the dwelling is illegible and inconsistent." The Tax Tribunal determined that respondent's evidence was more reliable, and thus concluded that the TCV, SEV, and TV were consistent with what respondent had calculated. Where respondent submitted persuasive, "competent and substantial evidence" in the form of photographs, drawings and blueprints, the Tax Tribunal properly "adopt[ed] the assessed valuation on the tax rolls as its independent finding of TCV[.]" *President Inn Props, LLC*, 291 Mich App at 640. Accordingly, the record does not support petitioner's allegation that the Tax Tribunal "accord[ed] presumptive validity to a property's assessed valuation." *Id*.

Petitioner also argues that the building should have been classified as a town house, and that had the building been assessed as a town house, its TCV would have been lower, based on the applicable cost tables. Petitioner provided an excerpt of the State Tax Commission's Assessor's Manual, which provides that town houses "are single-family, attached residences that may also be referred to as Duplexes, and may include Four-plexes," and that town houses "will never have other units above or below." The floor plans submitted by respondent, however, show that the residence is comprised of four apartments, with two on the ground floor and two directly above. Thus, the tribunal correctly determined, on the basis of the record, that the structure was not a town house. We are not persuaded that the Tax Tribunal committed an error of law or relied on a wrong legal principle when it reached this conclusion. *Id*.

Petitioner also argues that respondent's calculations were incorrect where respondent (1) incorrectly assumed, after an exterior inspection, that the renovations on the subject property were 70% complete, (2) incorrectly calculated the square footage of the property, (3) failed to consider the effect of termite damage on the residence and the depreciation of the subject property, and (4) did not consider that the use of the subject property for apartments was a legal nonconforming use that reduced the value of the parcel. As the Tax Tribunal observed, petitioner, who bore the burden of establishing the property's TCV, *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 389, did not provide persuasive evidence to substantiate her challenges to respondent's valuation of the subject property.

Specifically, petitioner did not provide the results of an interior inspection, an independent valuation of the parcel, pest inspection documentation, or records supporting her contention that the use of the property did not conform with existing zoning.[3] Rather, as the Tax Tribunal noted, petitioner merely recalculated the TCV based on her own unsupported allegations and her own calculations. Conversely, respondent submitted sketches, exterior photographs and drawings produced by a licensed architect to support its calculations. Significantly, the Tax Tribunal stated that pivotal to its analysis was the fact that the subject property had been substantially remodeled and this provided ample justification for the increase to the property's TV. Therefore, petitioner's contentions regarding the depreciation of the property are unavailing, where, as the Tax Tribunal correctly recognized, remodeling of the property, as well as replacements and additions made to the property, certainly impacted its depreciation and ultimate value. In sum, the Tax Tribunal's conclusions regarding the value of the subject property were supported by competent, material evidence, and where it did not commit a legal error or rely on an incorrect legal principle, we affirm its final opinion and judgment. *Comcast Cablevision of Sterling Hts, Inc*, 218 Mich App at 11.

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

[3] Additionally, petitioner did not submit evidence comparing the property's valuation congruent with the nonconforming use and the valuation that would result if the property's use conformed with the existing zoning. We acknowledge that in support of her brief on appeal, petitioner includes documentation to substantiate that the use of the property did not conform with existing zoning. However, we note that this material is not included in the tribunal file, and petitioner may not enlarge the record on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).