*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HUGH ARMBRUSTER and NANCY
ARMBRUSTER,

        Petitioners-Appellants,

v

TYRONE TOWNSHIP,

        Respondent-Appellee.

UNPUBLISHED
December 18, 2024
9:22 AM

No. 369345
Tax Tribunal
LC No. 23-000843

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

Petitioners Hugh and Nancy Armbruster appeal as of right the final order and judgment of the Michigan Tax Tribunal, adopting respondent Tyrone Township's valuation of petitioners' property. We affirm.

## I. FACTS

On September 30, 2022, petitioners purchased property on Walnut Shores Drive in Fenton, Michigan. The property is located in respondent Tyrone Township, and is a .72-acre lakefront lot that includes a home and approximately 93 feet of frontage on Runyan Lake. The home consists of a cabin built in 1948, which was remodeled in 1989 into a two-story house. The property is adjacent to property owned by petitioners' son. Petitioners offered to purchase the property for $685,000, and the sellers accepted the offer. After an inspection revealed that the house had certain structural problems that were estimated to cost $25,000 to repair, the seller accepted petitioners' revised offer of $671,968. Petitioners contend that the transaction was an arm's-length transaction, and the record card for the purchase designated the transaction as "arm's-length."

In 2023, respondent assessed the true cash value of the property at $812,000, and the taxable value of the property at $406,000. Petitioners challenged the assessment at respondent's Board of Review in March 2023, which resulted in respondent lowering the true cash value to $725,000, and the taxable value to $362,500.

-1-

Petitioners appealed the decision of the Board of Review to the Michigan Tax Tribunal, Small Claims Division. The Tax Tribunal's administrative law judge (ALJ) excluded from evidence exhibits submitted by petitioners, consisting of an appraisal, a letter regarding the property inspection, and a realtor's letter. The ALJ determined that the exhibits had been filed less than 21 days before the hearing contrary to Tax Tribunal Rules, and that respondent reported receiving the exhibits only the day before the hearing. By contrast, the ALJ accepted the exhibits submitted by respondent, reasoning that although respondent filed the exhibits 19 days before the hearing, no prejudice resulted to petitioners from the late filing.

The ALJ thereafter issued a proposed opinion and judgment, concluding that petitioners had not demonstrated any error in respondent's calculation of the property's assessment, which the ALJ found was supported by the record. Neither party filed exceptions to the proposed opinion and judgment. The Tax Tribunal thereafter adopted the ALJ's proposed opinion, and incorporated by reference the findings of fact and conclusions of law contained in the proposed opinion and judgment. The Tax Tribunal denied petitioners' motion for reconsideration. Petitioners now appeal.

## II. DISCUSSION

## A. TRUE CASH VALUE

Petitioners contend that the Tax Tribunal erred by accepting respondent's calculation of the true cash value of petitioners' property. Petitioners argue that the Tax Tribunal failed to consider the price petitioners paid to purchase the property, that respondent failed to explain its valuation method, and that respondent's valuation is not supported by the comparable properties presented by respondent. Petitioners contend that the record before the tax tribunal does not present competent evidence to support the tribunal's decision, and the tax tribunal adopted a wrong legal principle by accepting respondent's unsupported calculations. We disagree.

Absent fraud, we review a decision of the Michigan Tax Tribunal for misapplication of the law or adoption of a wrong principle. *Liberty Hill Housing Corp v City of Livonia*, 480 Mich 44, 49; 746 NW2d 282 (2008). This Court will deem the Tax Tribunal's factual findings to be conclusive if they are supported by "competent, material, and substantial evidence on the whole record." *Id.*, citing Const 1963, art 6 § 28. Substantial evidence is evidence that a "reasoning mind would accept as sufficient to support a conclusion." *New Covert Generating Co, LLC v Covert Twp*, 334 Mich App 24, 72; 964 NW2d 378 (2020) (quotation marks and citations omitted). Regarding matters of statutory interpretation, we review the Tax Tribunal's decision de novo. *Liberty Hill*, 480 Mich at 49.

Michigan's Constitution provides for the uniform taxation of property that is to be assessed not in excess of 50 percent of its true cash value. Const 1963, art 9, § 3. True cash value is defined as "the usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price that could be obtained for the property at private sale. . . ." MCL 211.27(1). True cash value is considered synonymous with fair market value. *Meadowlanes Ltd Dividend Housing Ass'n v City of Holland*, 437 Mich 473, 484 n 17; 473 NW2d 636 (1991).

Our Supreme Court has described the three most common approaches to valuation as being the capitalization-of-income approach, the sales-comparison or market approach, and the cost-less-depreciation approach. *President Inn Properties, LLC v City of Grand Rapids*, 291 Mich App 625, 639; 806 NW2d 342 (2011), citing *Antisdale v City of Galesburg*, 420 Mich 265, 276-277 n 1; 362 NW2d 632 (1984). But "[r]egardless of the valuation approach employed, the final value determination must represent the usual price for which the subject property would sell." *Meadowlanes*, 437 Mich at 485. A valuation method is wrong "only if it does not lead to the most accurate determination of the taxable property's true cash value or fair market value." *President Inn Properties*, 291 Mich App at 639.

A petitioner challenging the valuation of property before the Tax Tribunal has the burden to establish the true cash value of the property. MCL 205.737(3); *President Inn Properties*, 291 Mich App at 631. Once the petitioner establishes the true cash value of the property, the respondent is obligated to establish "the ratio of the average level of assessments in relation to true cash values in the assessment district and the equalization factor that was uniformly applied in the assessment district for the year in question." MCL 205.737(3).

However, because the Tax Tribunal's review is de novo, the Tax Tribunal is obligated to make an independent determination of true cash value. *President Inn Properties*, 291 Mich App at 640. Even when a petitioner fails to prove that the challenged assessment is wrong, the Tax Tribunal may not automatically accept the valuation imposed. *Id*. Rather, the Tax Tribunal has the duty to determine the most accurate method of valuation under the circumstances of each case. *Id*. at 639, citing *Antisdale*, 420 Mich at 277. Nonetheless, "the Tax Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of TCV when competent and substantial evidence supports doing so." *President Inn Properties*, 291 Mich App at 640, citing *Antisdale*, 420 Mich at 277. In addition, the weight to be given the evidence is within the discretion of the Tax Tribunal. *President Inn Properties*, 291 Mich App at 633.

In this case, the parties presented different true cash values by applying differing valuation methods. Petitioners argued in favor of the sales-comparison method and arrived at the value that petitioners had recently paid to purchase the property, being $671,968, as its true cash value. Petitioners presented three exhibits in support of this valuation, but the exhibits were excluded by the Tax Tribunal as untimely filed. Respondent presented evidence to support its valuation of the property at $725,000 for the true cash value using the cost-less-depreciation method. The Tax Tribunal concluded:

> Petitioners contend that the subject property is assessed in excess of 50% of its TCV. In support of their contentions, Petitioners offer the purchase price of $671,968. Though a relevant consideration, "the purchase price paid in a transfer of real property is not the presumptive true cash value." Moreover, in order to be accepted as an indicator of value, a property must be proven to have sold "after reasonable exposure in a competitive market under all conditions requisite to a fair sale, with the buyer and seller each acting prudently, knowledgeably, and for self-interest, [with] neither . . . under undue duress." Here, the evidence on record is not sufficient to establish that the subject property had reasonable exposure or sold subject to normal market conditions and pressures, so as to prove the best evidence of TCV or "usual selling price" within the meaning of MCL 211.27. While

-3-

Petitioners also contend that the subject property's assessment should be lowered because it suffers from structural defects and is on a dirt road, no documentary evidence was submitted in support of these claims. Further, Respondent credibly testified that the subject property is appropriately depreciated (66% good) for its condition.

Respondent calculated the subject property's assessment using the mass appraisal, cost-less-depreciation approach to value, which includes market adjustments through the use of a county multiplier and an economic condition factor (ECF). The submitted record card and valuation report identify the valued features and amenities, along with the associated replacement costs, and Petitioners have not demonstrated any error in the same. The depreciation, land value, ECF, and other factors affecting the value are also supported on the record.

Given the available evidence, the Tribunal finds that Respondent's cost approach together with consideration of the purchase price of the subject property, supports a TCV of $725,000, as established by Respondent's BOR. [Footnotes omitted.]

Contrary to petitioners' assertion, the Tax Tribunal did not fail to consider their purchase price for the property. The Tax Tribunal noted that the purchase price was a relevant consideration, but accurately observed that the purchase price is not presumptively the true cash value. MCL 211.27(6) provides, in relevant part:

Except as otherwise provided in subsection (7), the purchase price paid in a transfer of property is not the presumptive true cash value of the property transferred. In determining the true cash value of the transferred property, an assessing officer shall assess that property using the same valuation method used to value all other property of that same classification in the assessing jurisdiction. As used in this subsection and subsection (7), "purchase price" means the total consideration agreed to in an arms-length transaction and not as a forced sale paid by the purchaser of the property . . . .

Here, the Tax Tribunal considered the purchase price but also concluded that the record evidence was not sufficient to demonstrate that the purchase transaction was conducted at arms-length. The tribunal noted that there was no record evidence that the property had been placed for sale in a competitive market with the concomitant market conditions and pressures that would demonstrate that the purchase price was the best evidence of the true cash value.

There is also no demonstration that the Tax Tribunal erred by adopting the method of valuation used by respondent. As discussed, "the Tax Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of TCV when competent and substantial evidence supports doing so." *President Inn Properties*, 291 Mich App at 640, citing *Antisdale*, 420 Mich at 277. In addition, the weight to be given the evidence is within the discretion of the Tax Tribunal. *President Inn Properties*, 291 Mich App at 633. Here, the Tax Tribunal adopted respondent's valuation method and pointed to record support submitted by respondent. The Tax Tribunal found that respondent used the "cost-less-depreciation" approach to value, which includes market adjustments through the use of a county multiplier and economic condition factor (ECF).

-4-

Petitioners argue that the Tax Tribunal erred by adopting respondent's valuation because respondent did not explain how it arrived at true cash value, nor how it derived the ECF that it used in this case. But although the record does not include an explanation of how to apply the cost-less-depreciation method, the information upon which respondent based its valuation was submitted with its answer to the petition filed with the Tax Tribunal in May 2023, including a 2023 valuation report, a land table for the neighborhood, the 2023 Sales and ECF Analysis, and the ECF Analysis for Walnut Shore Sales. Presumably, at the hearing before the Tax Tribunal's ALJ, petitioners had the opportunity to explore and challenge the valuation method used by respondent. Consequently, the Tax Tribunal cannot be said to have erred by concluding that respondent's valuation method ascertained the true cash value.

As a practical matter, the parties' valuations are not very far apart. Again, respondent determined that the true cash value of the property is $725,000, while petitioners believe the true cash value is $671,968. The difference between the parties' true cash value estimates is $53,032, and the difference in the taxable value is $26,516. While the difference is not entirely inconsequential, the parties' valuations of the property are quite close. The average of the two valuations is $698,484, and the appraisal submitted by petitioners (excluded by the Tax Tribunal) valued the property at $690,000. Because the parties valuations of the property are close to each other and neither party's valuation is far off from the property appraisal, it is difficult to conclude that the Tax Tribunal erred by adopting respondent's valuation. Given the limited nature of this Court's review of a decision of the Michigan Tax Tribunal, *New Covert Generating Co*, 334 Mich App at 45, it cannot be said in this case that the Tax Tribunal misapplied the law or adopted a wrong principle. *Liberty Hill Housing*, 480 Mich at 49.

## B. EXCLUSION OF EVIDENCE

Petitioners contend that the Tax Tribunal improperly excluded their exhibits from evidence on the basis that the exhibits were filed late. Petitioners argue that both parties filed their exhibits late, and that contrary to respondent's contention, respondent received petitioners' exhibits one week before the hearing. Petitioners argue that if the tribunal had considered the exhibits, the exhibits would have demonstrated that the purchase of the property was an arm's length transaction, and also that using a comparison of comparable properties, the purchase price was the true cash value of the property. We conclude that the Tax Tribunal was within its discretion to exclude petitioners' exhibits.

This case was decided by the Small Claims Division of the Michigan Tax Tribunal. The portion of the Michigan Administrative Code applicable to matters before the Small Claims Division of the Michigan Tax Tribunal is R 792.10261 *et seq*. Specifically, Rule 287, R 792.10287, pertains to evidence at a hearing before the small claims division, and provides in part:

> (1) A copy of all evidence, other than rebuttal evidence, to be offered in support of a party's contentions must be filed with the tribunal and served on the opposing parties not less than 21 days before the date of the scheduled hearing, unless otherwise ordered by the tribunal. Failure to comply with this subrule may result in the exclusion of the valuation disclosure or other written evidence at the time of the hearing because the opposing parties may have been denied the opportunity to adequately consider and evaluate the valuation disclosure or other written evidence

before the date of the scheduled hearing. If a valuation disclosure or other written evidence is excluded, the tribunal shall indicate the basis of the exclusion in the decision.

This Court reviews de novo the interpretation and application of administrative rules. See *Lake Isabella Dev, Inc v Village of Lake Isabella*, 259 Mich App 393, 398; 675 NW2d 40 (2003), applying the principles of statutory construction. *Coldwater v Consumers Energy Co*, 500 Mich 158, 167; 895 NW2d 154 (2017). Regarding the admission of evidence, the Tax Tribunal has wide latitude. *Georgetown Place Co-op v City of Taylor*, 226 Mich App 33, 52; 572 NW2d 232 (1997). Michigan's court rules apply when no applicable Michigan Tax Tribunal rule exists. R 792.10215; *New Covert Generating*, 334 Mich App at 90. MCL 2.613(A) provides that "[a]n error in the admission or the exclusion of evidence . . . is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."

In this case, the Tax Tribunal stated that respondent's exhibits were excluded "because they were filed less than 21 days before the hearing, as required by TTR 289.[1] Respondent objected to the exhibits as they only received them the day before the hearing." By contrast, the Tax Tribunal did not exclude respondent's exhibits, although they also were not timely filed. The Tax Tribunal stated that "[w]hile Petitioners questioned the timeliness of Respondent's evidence, the Tribunal finds that it was filed 19 days before the hearing and as Petitioners testified regarding the evidence, there is no prejudice to them by admitting it."

We conclude that the Tax Tribunal did not exceed its discretion by excluding petitioners' exhibits. R 792.10287 provides that failure to comply with the 21-day time limit of that subrule "may result in the exclusion of the valuation disclosure or other written evidence at the time of the hearing because the opposing parties may have been denied the opportunity to adequately consider and evaluate the valuation disclosure or other written evidence before the date of the scheduled hearing." Because R 792.10287 gives the Tax Tribunal discretion to exclude evidence for violation of the subrule while not mandating the exclusion of evidence for violating the subrule, the Tax Tribunal was within its authority to exclude some late-filed exhibits, while admitting other late-filed exhibits. Moreover, if the Tax Tribunal had accepted petitioners' exhibits, the exhibits presented an appraisal value of $690,000. As discussed, both parties' valuations of the property's true cash value was close to the appraisal value of $690,000; because the exhibit essentially supports both parties' estimates of true cash value, being petitioners' valuation of $671,968 and respondent's valuation of $725,000, any error in the exclusion of the evidence was harmless. See MCL 2.613(A)

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford

---

[1] The Tax Tribunal apparently was referring to Tax Tribunal Rule 287.