*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHLEEN C. VANDER ROEST,

      Petitioner-Appellant,

v

LOWELL TOWNSHIP,

      Respondent-Appellee.

UNPUBLISHED
August 11, 2022

No. 358249
Tax Tribunal
LC No. 20-001458-TT

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Petitioner, proceeding *in propria persona*, appeals by right the Michigan Tax Tribunal's (the Tribunal) final opinion and judgment determining the true cash value (TCV) and state-equalized value (SEV) of petitioner's property for the 2020 and 2021 tax years. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Petitioner owns a residential property in Lowell, Michigan, which she purchased in 1986. For the 2020 tax year, respondent initially valued petitioner's property as follows: a TCV of $298,261; an SEV of $149,100; and a taxable value (TV) of $99,677. Petitioner appealed respondent's 2020 assessment to the March Board of Review, and the Board upheld the assessment. Petitioner then appealed to the Tribunal, asserting that her property had been overvalued and identifying errors in the assessment, including a misclassification of the property and an error in the assessment of a pole barn on the property. Respondent's 2021 assessment of petitioner's property was later included in the proceedings before the Tribunal.[1]

During the course of the Tribunal proceedings, respondent conceded that errors existed in the assessment of petitioner's property, including an error in the classification of petitioner's property and the failure to assess petitioner's pole barn as a separate agricultural building. Respondent also acknowledged that these errors had affected the TCV and SEV of the property,

---

[1] See MCL 205.737(5)(b).

although respondent maintained that the errors would not affect the TV. At a hearing held in November 2020, and although the parties agreed there were errors in the assessment, the parties failed to present sufficient evidence to enable the Tribunal to make a determination of the property's value. Consequently, a second hearing was held in May 2021.

At the May 2021 hearing, petitioner presented her own market analysis by considering the value of neighboring properties and the taxes paid by her neighbors. Petitioner's assertions of value for her property, for 2020 and 2021, were as follows:

**Parcel Number:** 41-20-12-200-026

| Year | TCV | SEV | TV |
|------|-----|-----|-----|
| 2020 | $245,800 | $122,900 | Not provided |
| 2021 | $244,688 | $122,300 | Not provided |

In support of its contentions regarding the property's value, respondent submitted valuation reports for the property, which involved consideration of costs and depreciated costs and used an Economic Condition Factor (ECF) to determine the value of petitioner's property. The valuation reports also included changes from the prior assessment, including a change to the classification of petitioner's property and treatment of the pole barn as an agricultural building. Both of these changes reduced the property's TCV and SEV. In comparison to petitioner's proposed values, and after correcting the errors in the assessment, respondent asserted that petitioner's property should be valued as follows:

**Parcel Number:** 41-20-12-200-026

| Year | TCV | SEV | TV |
|------|-----|-----|-----|
| 2020 | $232,600 | $116,300 | $99,677 |
| 2021 | $248,800 | $124,400 | $101,072 |

Following the hearing, the Tribunal issued its final opinion and judgment, noting that the parties' estimated values for the property "largely agreed," but it ultimately adopted respondent's valuation method involving the ECF and depreciation analysis. More fully, the Tribunal stated:

> Here, the Petitioner alleged and substantiated numerous inconsistencies and errors on the property record cards, including the property being incorrectly classed and that the pole barn should be valued as a separate agricultural building. Petitioner alleges the subject property is substantially over assessed. Respondent conceded that there were errors, and largely agreed with the correction in value. Both Petitioner and Respondent provided sufficient evidence of the over assessment. Respondent's revised assessments account for these errors and inconsistencies, and was supported by revised valuations, including addressing depreciation as well as an ECF analysis.

Having determined that respondent's revised valuations addressed the previous errors in the assessment of petitioner's property, the Tribunal accepted respondent's valuation of the property for 2020 and 2021.

Petitioner moved the Tribunal for reconsideration, which was denied. This appeal followed.

## II. STANDARD OF REVIEW

Absent fraud, this Court's review of a Tax Tribunal decision is limited to determining whether the tribunal made an error of law or adopted a wrong legal principle. The tribunal's factual findings are upheld unless they are not supported by competent, material, and substantial evidence. Substantial evidence must be more than a scintilla of evidence, although it may be substantially less than a preponderance of the evidence. Failure to base a decision on competent, material, and substantial evidence constitutes an error of law requiring reversal. [*Meijer, Inc v Midland*, 240 Mich App 1, 5; 610 NW2d 242 (2000) (citations omitted).]

## III. ANALYSIS

Petitioner argues that the Tribunal erred by accepting respondent's valuation instead of petitioner's proposed market approach. Petitioner also argues that there are errors in the property record card that the Tribunal failed to address. According to petitioner, these errors resulted in an inflated value for the property and the SEV for 2021 should be reduced. Petitioner also argues that the Tax Tribunal erred by failing to reduce the TV for the property, particularly given the reduction of the TCV and the SEV. We disagree with all of these arguments.

In Michigan, the taxable value of a property cannot be assessed at more than 50% of its TCV. Const 1963, art 9, § 3; MCL 211.27a(1). TCV is synonymous with "fair market value." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 637; 806 NW2d 342 (2011). It refers to "the usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price that could be obtained for the property at private sale, and not at auction sale except as otherwise provided in this section, or at forced sale." MCL 211.27(1). A petitioner bears the burden of establishing TCV. MCL 205.737(3). However, the Tribunal also "has a duty to make its own, independent determination" of TCV. *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998).

"The three most common approaches for determining true cash value are the capitalization-of-income approach, the sales-comparison or market approach, and the cost-less-depreciation approach." *Id*. at 390. However, none of these approaches is required, and the trial court is not bound to accept either party's theory of valuation. *Id*. at 389-390. The Tribunal "may accept one theory and reject the other, it may reject both theories, or it may utilize a combination of both in arriving at its determination of true cash value." *Id*. at 390. In reaching its decision, the Tribunal is not required to "quantify every possible factor affecting value," *id*. at 398-399, and the "weight to be accorded to the evidence is within the Tax Tribunal's discretion," *id*. at 404.

In this case, the parties agreed that there were errors in the original 2020 assessment for petitioner's property. These errors were corrected, and the parties presented the Tribunal with revised estimates of the TCV for the property for 2020 and 2021. The parties' respective estimates were in fact quite close.[2] In terms of how they calculated these values, petitioner attempted to

---

[2] Indeed, for 2020, respondent's proposed TCV—adopted by the Tribunal—was actually lower than petitioner's estimate.

conduct her own market analysis to determine the property's TCV. In comparison, respondent submitted valuation reports, which considered depreciated costs and used an ECF to determine the value of petitioner's property.

Petitioner does not dispute that respondent's approach using an ECF was a reliable method of determining value, nor has she identified any error in the calculation of the ECF.[3] Instead, she simply asserts that her market approach would have been better. This argument lacks merit because the Tribunal was not required to follow petitioner's market approach; instead, it was for the Tribunal to weigh the evidence and to determine what approach to use. See *id*. at 389-390. Petitioner has not shown error on this basis.

Petitioner also maintains that there are additional errors on the property record card that the Tribunal failed to consider when determining the property's value. However, the Tribunal was not required to consider every possible factor affecting value. See *id*. at 398-399. And, in any event, when denying reconsideration, the Tribunal did address petitioner's alleged errors, noting that things like street lighting and paved roads were not part of respondent's calculations and would not affect the value. Petitioner has not shown error in this regard.

The Tribunal's determination of TCV was supported by competent, material, and substantial evidence, and petitioner has not shown that the Tax Tribunal committed an error of law or adopted a wrong legal principle. *Meijer, Inc v Midland*, 240 Mich App at 5. In these circumstances, we affirm the Tribunal's determination of TCV. Further, the SEV adopted by the Tribunal was set at 50% of the property's TCV, and petitioner has not identified any error in the calculation of the SEV. See MCL 205.737(2) (detailing method for determining SEV and mandating that the SEV "shall not exceed 50% of the [TCV] of the property on the assessment date"). Accordingly, we also affirm the Tribunal's SEV determination.

Apart from her arguments implicating the SEV and TCV, petitioner also contends, as noted, that the Tribunal erred by failing to reduce petitioner's TV. We disagree. Petitioner notes that the TV for the property increased in both 2020 and 2021, despite the Tribunal's reduction of the TCV and SEV, and asserts that she is unfairly paying more taxes than her neighbors, including a neighbor whose home has a higher value than petitioner's property. Contrary to petitioner's arguments, the reduction of the SEV and TCV does not necessitate the reduction of petitioner's TV.

Fundamentally, petitioner's concerns related to her property's TV appear to stem from a misunderstanding of the relationship between TCV, SEV, and TV, and the manner in which TV is calculated. As provided by statute, after 1995, unless a property's ownership transferred in the previous year, the TV is the lesser of either:

---

[3] Use of a cost-less-depreciation approach, adjusted using an ECF, is contemplated by the State Tax Commission, Michigan Assessors Manual Vol. III (published February 2018), p 40. Although it does not have the force of law, the Assessors Manual may be used as a guide. See MCL 211.10e; *Danse Corp v Madison Hts*, 466 Mich 175, 181-182; 644 NW2d 721 (2002).

(a) The property's [TV] in the immediately preceding year minus any losses, multiplied by the lesser of 1.05 or the inflation rate, plus all additions. . . .

(b) The property's current [SEV].  [MCL 211.27a(2).]

For purposes of calculation under MCL 211.27a(2)(a), the TV is directly predicated on the previous year's TV. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 531; 817 NW2d 548 (2012). This cap on the annual increase in the TV serves to limit tax increases on property, even when the actual market value of the property may have risen at a faster rate, and this cap applies so long as the property is owned by the same person.  See *id*. at 529-530.  This capped TV—predicated on the immediately preceding year's TV—will apply unless the current SEV is lower.  See *id*. at 531.

In petitioner's case, her SEV in 2020 and in 2021 was higher than the capped TV calculated under MCL 211.27a(2)(a).  Because her current SEV is higher than the capped TV calculated under MCL 211.27a(2)(a), it is the capped TV that applies to petitioner's property, and it is for this reason that reduction of her SEV did not reduce petitioner's TV or her taxes on the property. Similarly, the capped TV under MCL 211.27a(2)(a) is not dependent on the current TCV of the property.  Indeed, the capped TV works in petitioner's favor, because it serves to limit tax increases on property, even when—as in the case of petitioner's property—the actual market value of the property may have risen at a faster rate than the multiplier in MCL 211.27a(2)(a).[4]  See *Mich Props, LLC*, 491 Mich at 529-530.  In sum, because the TV for petitioner's property was calculated under MCL 211.27a(2)(a), the TV for her property was not affected by the reduction in the SEV or the TCV, and the Tribunal did not err by failing to reduce the TV on the property.[5]

In contrast to this conclusion, petitioner cites MCL 211.30c for the proposition that, having reduced the TCV and SEV, the Tribunal also should have reduced the property's TV.  Briefly stated, under MCL 211.30c, *if* the Tribunal (or Board of Review) reduced a property's TCV, SEV, or TV, then an assessor must use the reduced values when calculating the assessment in the immediately succeeding year.  Essentially, the statute serves to codify the simple proposition that

---

[4] To put it in numerical terms, recognizing that property is generally assessed at 50% of its TCV, see MCL 211.27a(1), without the protection of the capped TV, petitioner's property, with a current value of $248,800, would otherwise generally be assessed at $124,400, but because of the cap in MCL 211.27a(2)(a), petitioner's TV is only $101,072.

[5] With regard to TV, we also note that petitioner has not attempted to identify any error in the application of the formula in MCL 211.27a(2)(a).  Moreover, her arguments regarding value focus on the property's value in 2020 and 2021.  Petitioner made no attempt to identify a valuation error dating to the time that she purchased the property, which is generally the time that a property's value is "uncapped" and that the initial base value for the property, on which future taxable values will be determined under MCL 211.27a(2)(a), is set.  See generally *Mich Props, LLC*, 491 Mich at 529-533.  Petitioner has asserted that her taxes have been too high since 2006, when she built her pole barn.  But if her TV was improperly increased at that time, that is not apparent from the record, and petitioner has not shown that there is a prior error being perpetuated in the TV calculated under MCL 211.27a(2)(a).  See generally *id*.

an assessor is not free to disregard a Tribunal's order reducing a property's TCV, SEV, or TV. However, nothing in MCL 211.30c mandates that, having reduced the TCV and SEV, the Tribunal was also bound to reduce TV. Indeed, when, as in this case, TV was properly calculated under the other provisions of the General Property Tax Act, MCL 211.1a, *et seq.*, it would be illogical that a correction to the TCV or SEV would require an otherwise unwarranted alteration to TV. Petitioner's arguments relating to MCL 211.30c lack merit. Overall, with regard to TV, the trial court did not err or adopt a wrong legal principle by determining petitioner's TV on the basis of MCL 211.27a(2)(a).[6]

Affirmed.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien

---

[6] On appeal, petitioner also asks this Court to refund her filing fee on the basis that her notice of the right to appeal did not inform her that she would have to pay a fee. However, by statute, a $375 filing fee shall be paid to the clerk for the Court of Appeals when pursuing an appeal of right. See MCL 600.321(1)(a). See also MCR 7.219(G). This fee applies to petitioner, and she is not entitled to a refund. Indeed, this Court has already denied petitioner's request for a fee waiver. See *Vander Roest v Lowell Twp*, unpublished order of the Court of Appeals, entered August 31, 2021 (Docket No. 358249).