*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEAHAD KADAF,

Petitioner-Appellant,

v

CITY OF DEARBORN,

Respondent-Appellee.

UNPUBLISHED
October 10, 2025
9:04 AM

No. 374425
Tax Tribunal
LC No. 24-000542

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

In this property tax action, petitioner, an attorney proceeding *in propria persona*, appeals as of right the Michigan Tax Tribunal, Small Claims Division's order dismissing his petition challenging respondent's 2024 assessment of true cash value (TCV) and taxable value (TV) for his residential property (22303 Beech) located in the City of Dearborn. We vacate and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner[1] purchased the subject property at 22303 Beech in 2023 for $315,000. For the 2024 tax year, respondent assessed the TCV of the subject property at $321,600, and the TV and state equalized value (SEV) at $160,800. In response to petitioner's challenge of these 2024 assessments, the Board of Review affirmed the assessed TV and SEV.

Petitioner appealed the Board of Review decision to the Michigan Tax Tribunal, Small Claims Division, listing TCV and TV as the issues being appealed. Respondent answered the petition, maintaining that the TCV, TV, and SEV of the subject property had been properly

---

[1] The property appears to have been purchased through Hesital Capital Group LLC. Respondent does not challenge that petitioner purchased and owns the subject property.

assessed for the 2024 tax year, and the tribunal set a telephone hearing for November 19, 2024, stating in the hearing notice:

> Parties are required to submit all documents in support of their contentions to the Tribunal and the opposing party at least 21 days before the hearing date **even if the documents were previously submitted to the local Board of Review or the Michigan Department of Treasury.** If the documents are not timely submitted to the Tribunal and the opposing party, the documents may be excluded. . . . **The documents do not need to be resubmitted after the Notice of Hearing if they were previously submitted to the Tribunal and the opposing party.**

Respondent timely submitted its evidence on October 30, 2024, including a letter listing its 2024 tax assessment for the subject property as well as a proposed revised assessment which would increase the TCV, SEV, and TV; a table of sale prices, specifications, and adjusted sale prices for the subject property and two comparable properties (22195 Beech and 22334 Beech); photographs; and Property Record Cards for the subject and two comparable properties. According to the table and Property Record Cards, comparable property 22195 Beech sold for $275,000 in 2022, while comparable property 22334 Beech sold for $293,000 in 2023.

Rather than submit different or conflicting evidence, petitioner filed a response to respondent's answer, attaching the same table submitted by respondent and printouts with tax assessment information for the subject and two comparable properties respondent offered, and did so on November 1, 2024, less than 21 days before the November 19, 2024 telephone hearing.[2] The printouts list a 2024 SEV of $139,700 for 22195 Beech, a 2024 SEV of $98,300[3] for 22334 Beech, and the following SEVs for the subject property: $155,900 in 2022, $142,000 in 2023, and $160,800 in 2024. For his response, petitioner requested that the tribunal adjust the SEV for the subject property to $139,000 to match the two comparables, relying upon his "own information submitted and more importantly the Respondents [sic] submitted to this Honorable Tribunal by facts located in Respondents [sic] own records." In doing so, petitioner asserted:

> Respondent has failed to justify why an exact properties sold within just months of each, yet such a large disparity in the assessed value, and by Respondents [sic] own admissions in the SEV dropping for tax year 2023, disproves Respondents [sic] argument of such a large and egregious increase SEV an [sic] additions to the comparable sales in an attempt to inflate the values unjustifiably.

Following a telephone hearing for which there is no transcript, the tribunal issued a proposed order of dismissal. The order listed the issues raised as whether the subject property was assessed in excess of 50% of its TCV and whether the TV exceeded the amount provided by MCL 211.27a, and summarized the parties' evidence and arguments. With respect to petitioner, the

---

[2] The tribunal accepted the evidence nonetheless, stating in the portion of the proposed order of dismissal addressing petitioner's evidence that "[n]o exhibits were excluded from evidence."

[3] In his response, petitioner states that the SEV for 22334 Beech is $138,497, but according to the Property Record Cards submitted by respondent, $138,497 is that property's estimated TCV.

tribunal stated that he asserted the subject property's 2024 TCV should have been assessed at $278,000 and the SEV and TV at $139,000, and that:

> Mr. Kadaf rebutted [respondent's representative Robert] Cockrum's testimony by admitting that Respondent's two comparables are most like the subject property. But, there are no comparables that justify the current TCV of the subject property. Mr. Kadaf relies on the SEV of the comparables to set the value of the subject property.

As to respondent, the proposed order provided that respondent listed the 2024 assessments for the subject property's TCV, SEV, and TV as $321,600, $160,800, and $160,800, and argued petitioner failed to submit any evidence, only critiquing respondent's market approach. Ultimately, the tribunal found that petitioner provided no evidence, let alone relevant and competent evidence of value, concluding, in part:

> Petitioner did not provide any evidence, let alone sufficient, competent, and material evidence to meet the burden of going forward in this case. Petitioner's sole valuation argument is to rebut Respondent's evidence and to value the subject property in comparison to the SEVs of Respondent's comparables. The SEVs presented are the result of a mass appraisal, cost less depreciation approach to value, which includes market adjustments through the use of Economic Condition Factor. Various steps go into constructing each assessment, and mere comparison of assessed values disregards the numerous factors considered for each individual assessment. Therefore, the burden of going forward did not shift to Respondent, and the Tribunal's duty to make an independent determination of value was not triggered. As such, involuntary dismissal of the case is warranted.

The proposed order provided that the parties had 20 days from the date of the order—December 9, 2024—to notify the tribunal and opposing party of any exceptions to the proposed order of dismissal, submitting proof of service on the opposing party. Petitioner did file exceptions to the proposed order, asserting:

> It is without a doubt that the Petitioner has the whole proof of establishing the TCV of the property. The crux i[n] this case, is that this is a unique property, and the Petitioners [sic] evidence is the same as the Respondent's evidence as to the comparable sales. The reason for this anomaly is that those are the only comparable sales that best fit the facts.

Although the tribunal received the exceptions, it entered a notice of no action stating petitioner had failed to file proof demonstrating service on respondent, and giving petitioner 14 days to comply. When petitioner failed to do so, the tribunal entered an order of dismissal reiterating that "[t]he ALJ's determination that Petitioner did not meet their burden of going forward with the evidence is supported by the record in this case and applicable statutory authority."

## II. ANALYSIS

Petitioner asserts on appeal that respondent assessed the subject property in excess of 50% of its TCV in contravention of MCL 211.27a, and that the tribunal erred when it "accepted the testimony by one person (the assessor) who simply stated that he projects these values based on market conditions with no single sale or comparable to justify such a valuation," thereby "inflat[ing] the comparable sales with his own projection rather than the true sales price." Thus, essentially, petitioner argues the merits of his challenge to the 2024 tax assessment for the subject property. But, although the tribunal's dismissal order had the effect of affirming respondent's assessment, the tribunal did not make a determination as to the property's true cash value, instead dismissing the case for petitioner's failure to meet his burden of going forward with the evidence.

## A. STANDARD OF REVIEW

"This Court's ability to review decisions of the Tax Tribunal is very limited." *President Inn Props, LLC v Grand Rapids*, 291 Mich App 625, 630; 806 NW2d 342 (2011).

> Michigan's Constitution provides: "In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Const 1963, art 6, § 28. Thus, this Court's "review of decisions of the Tax Tribunal, in the absence of fraud, is limited to determining whether the tribunal made an error of law or adopted a wrong principle; the factual findings of the tribunal are final, provided that they are supported by competent and substantial evidence." *Antisdale v Galesburg*, 420 Mich 265, 277; 362 NW2d 632 (1984). [*President Inn Props, LLC*, 291 Mich App at 630-631.]

Under this standard and the circumstances at issue here, our review is limited to determining whether the tribunal made an error of law in dismissing the case.[4]

## B. TRIBUNAL'S DISMISSAL

We hold that the tribunal made an error of law when it dismissed petitioner's challenge to the subject property's 2024 tax assessment.

"Const 1963, art 9, § 3 requires that the 'true cash value' be used to determine property taxes." *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 587; 854 NW2d 172 (2014). TCV generally equates to fair market value, *id.*, and is defined in MCL 211.27 as "the usual selling price at the place where the property to which the term is applied is at the time of assessment, being the price that could be obtained for the property at private sale, and not at auction sale except as

---

[4] We note that petitioner failed to comply with the requirements for filing exceptions to the proposed order of dismissal set forth in that order, in the tribunal's notice of no action, and in Mich Admin Code, R 792.10291, formerly R 792.10289, by not submitting proof of service of the exceptions upon respondent, resulting in the tribunal's final order of dismissal without consideration of the exceptions raised by petitioner. However, respondent does not specifically assert that this failure to comply precludes petitioner's ability to challenge the tribunal's determinations in the proposed order and final order of dismissal on appeal.

otherwise provided in this section, or at forced sale," MCL 211.27(1). In turn, TV should be assessed at 50% of a property's TCV. MCL 211.27a(1). And the SEV of a property shall be determined "by multiplying [the tribunal's] finding of true cash value by a percentage equal to the ratio of the average level of assessment in relation to true cash values in the assessment district, and equalizing that product by application of the equalization factor that is uniformly applicable in the assessment district for the year in question." MCL 205.737(2). Like TV, a property's SEV "shall not exceed 50% of the true cash value of the property on the assessment date." *Id*.

The petitioner bears the burden of establishing a property's TCV. MCL 205.737(3); *Great Lakes Div of Nat'l Steel Corp v Ecorse*, 227 Mich App 379, 389; 576 NW2d 667 (1998).

> The burden of proof encompasses two concepts: "(1) the burden of persuasion, which does not shift during the course of the hearing; and (2) the burden of going forward with the evidence, which may shift to the opposing party." *Jones & Laughlin Steel Corp v City of Warren*, 193 Mich App 348, 354-355; 483 NW2d 416 (1992). Nevertheless, because Tax Tribunal proceedings are de novo in nature, the Tax Tribunal has a duty to make an independent determination of true cash value. *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 409. Thus, even when a petitioner fails to prove by the greater weight of the evidence that the challenged assessment is wrong, the Tax Tribunal may not automatically accept the valuation on the tax rolls. *Id*. [*President Inn Props, LLC*, 291 Mich App at 631.]

Although the tribunal may not automatically accept a respondent's tax assessment, " 'the Tribunal may adopt the assessed valuation on the tax rolls as its independent finding of true cash value when competent and substantive evidence supports doing so, as long as it does not afford the original assessment presumptive validity.' " *Forest Hills Coop*, 305 Mich App at 587-588, quoting *Pontiac Country Club v Waterford Twp*, 299 Mich App 427, 435-436; 830 NW2d 785 (2013).

That said, the tribunal's duty to make an independent determination of TCV is only necessary if the petitioner meets his burden of going forward with the evidence. See *President Inn Props, LLC*, 291 Mich App at 640 ("Even on the failure of a party's evidence that a property's assessed valuation is lower than that on the rolls, the burden of going forward with the evidence may shift to the opposing party."). Here, the tribunal declined to make an independent determination of TCV, reasoning that petitioner failed to meet the burden of going forward with the evidence because his "sole valuation argument [was] to rebut Respondent's evidence and to value the subject property in comparison to the SEVs of Respondent's comparables," and a "mere comparison of assessed values disregards the numerous factors considered for each individual assessment." But, although minimal and identical to respondent's evidence, petitioner did produce evidence on valuation in the form of tax assessments for two comparable properties, and the tribunal did not cite to any law (nor have we located any) specifically concluding that a petitioner fails to meet its burden of going forward for purposes of establishing a property's appropriate TCV by relying on the same evidence as the respondent in support of its decision.

Further, in dismissing the petition, the tribunal reasoned in part that the comparison evidence presented by respondent and relied upon by petitioner was neither sufficient nor competent, and did not meet the burden of going forward with the evidence, because "[v]arious steps go into constructing each assessment, and mere comparison of assessed values disregards the

numerous factors considered for each individual assessment." But, petitioner's failure to convince the tribunal that the comparison evidence adequately supported his assessment arguments concerns the reliability and weight of that evidence, and therefore the failure to persuade, rather than the failure to go forward with the evidence. See *President Inn Props, LLC*, 291 Mich App at 631, 640; *Great Lakes Div of Nat'l Steel Corp*, 227 Mich App at 410. Accordingly, the tribunal's dismissal constituted an error of law.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates